UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FOUGERE Q. HOLCOMBE,

                           Plaintiff,

           -against-

U.S. AIRWAYS GROUP, INC., U.S. AIRWAYS
INC. and THE INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE
WORKERS,

                        Defendants.
----------------------------------------------------------------X

**ORDER**
03–CV–4785 (SLT) (JMA)
08–CV–1593 (SLT) (JMA)

**AZRACK, United States Magistrate Judge:**

      On February 25, 2014, Vladimir Matsiborchuk ("Matsiborchuk"), counsel for Fougere Holcombe ("plaintiff"), filed a motion for fees in connection with plaintiff's decision to terminate him, which Matsiborchuk alleges was without cause. (See Mot. to Withdraw ("February 25 Motion"), ECF No. 114, No. 08–CV–1593.) The February 25 Motion also requested that I be disqualified from considering the motion. (Id. at 1.) On March 13, 2014, the Honorable Sandra L. Townes referred the February 25 Motion to me. (Mem. & Order, ECF No. 118.) On March 17, 2014, Matsiborchuk filed a motion seeking my recusal. (Mot. for Recusal, ECF No. 119.)

      In March and June of 2014, Matsiborchuk and plaintiff's current counsel appeared for three settlement conferences where I, along with my law clerks, attempted to settle the dispute between Matsiborchuk and plaintiff. (Minute Entries, ECF Nos. 120, 125, 126.) Plaintiff personally participated in two of the settlement conferences. (See Minute Entries, ECF Nos. 120, 125.) After settlement efforts failed, Matsiborchuk filed his reply brief for the February 25 Motion, which is currently pending before me.

1

Matsiborchuk's arguments for recusal do not warrant my removal from these cases. Nevertheless, I conclude *sua sponte* that my recusal is appropriate on a different ground—namely, that I would have to act as the fact-finder on the February 25 Motion after holding multiple settlement conferences concerning that motion. It appears likely that a hearing, with the Court as the fact-finder, will be required to resolve whether Matsiborchuk was terminated for cause. (See, e.g., February 25 Motion at 2 ("Movant rejects [p]laintiff's false allegations [set out in plaintiff's December 2013 discharge notice].").) Moreover, even if plaintiff terminated Matsiborchuk without cause, a hearing before the Court would likely also be required to determine the value of Matsiborchuk's services because, inter alia, it appears that Matsiborchuk does not possess contemporaneous time records. (See Reply to Att'y R. Nardo's Mar. 3, 2014 Ltr. at 9, ECF No. 168.) Accordingly, I recuse myself from these two cases.

SO ORDERED.

Dated: September 26, 2014
      Brooklyn, New York

                                             /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE